**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

JUANA LETICIA CETO, on behalf of
DOMINGO SALOMON VELASCO CETO,

       *Petitioner*,

v.                                                            Case No. 3:26-cv-1151-WWB-MCR

WARDEN, NORTH FLORIDA
DETENTION CENTER, et al.,

       *Respondents.*
_____

## <u>ORDER</u>

THIS CAUSE comes before the Court on a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 filed by Juana Leticia Ceto, on behalf of her brother Domingo Salomon Velasco Ceto ("**Petitioner**"), who is being detained by Immigration and Customs Enforcement ("**ICE**") at the North Florida Detention Facility.  (Doc. 1).  According to Ceto, Petitioner is a "minor" who was born on September 22, 2007, and ICE's prolonged detention of him is, *inter alia*, violating his due process rights and the regulations governing the detention of minors.  (*Id.* at 4).  As relief, Ceto requests that the Court order Petitioner's immediate release.  (*Id.* at 5).

An "[a]pplication for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf."  28 U.S.C. § 2242.  The latter part of this statutory provision codifies the common law tradition of permitting a "next friend" to litigate on behalf of a person who, because of incompetence, is unable to initiate a habeas action himself.  *See Whitmore v. Arkansas*, 495 U.S. 149,

162 (1990).    However, "'[n]ext friend' standing is by no means granted automatically . . . ." *Id.* at 163.  The would-be next friend must provide an adequate explanation for the necessity of the designation, such as the real party's mental incompetence or lack of access to the courts.  *Id.*

Ceto does not demonstrate that "next friend" status is appropriate.  There is no indication Petitioner is mentally incompetent or has been denied access to the courts. Rather, it appears Ceto seeks the status because, according to her, Petitioner is a minor. (Doc. 1 at 3–5).  But she explains that his birthday is September 22, 2007, which means Petitioner is now over eighteen years old.[1]  And under Florida law, the age of majority is eighteen.  *See* Fla. Stat. § 743.07.  Because Ceto does not demonstrate the propriety of "next friend" status, she lacks standing to initiate this action on Petitioner's behalf.  *See Francis v. Warden, FCC Coleman-USP*, 246 F. App'x 621, 622 (11th Cir. 2007) ("Absent 'next friend' status, an individual lacks Article III standing to file a petition on another's behalf, thus stripping the district court of jurisdiction to consider the petition.");[2] *Weber v. Garza*, 570 F.2d 511, 514 (5th Cir. 1978) ("[W]hen the application for habeas corpus filed by a would be 'next friend' does not set forth an adequate reason or explanation of the necessity for resort to the 'next friend' device, the court is without jurisdiction to consider the petition.").

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

---

[1] Ceto attaches several documents indicating that she was granted custody of Petitioner; but upon review, those documents were issued before Petitioner turned eighteen years old.  (*See* Doc. 1-1).

[2] Any unpublished opinions are cited as persuasive authority.  *See McNamara v. GEICO*, 30 F.4th 1055, 1060–61 (11th Cir. 2022).

1. This case is **DISMISSED without prejudice**.

2. The Clerk shall enter judgment dismissing this case without prejudice, terminate any pending motions as moot, and close the file.

**DONE AND ORDERED** in Jacksonville, Florida, on May 12, 2025.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

c:

Domingo Salomon Velasco Ceto

Juana Leticia Ceto
2166 Century Blvd. Apt. C
St. Augustine, FL 32084

3